IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY, a corporation,<br><br>**Plaintiff,**<br><br>vs.<br><br>PARAMOUNT COMPANIES, LLC, a corporation; LATREUO REAL ESTATE, LLC, a corporation; JOSEPH RYAN HAYNES, an individual; and RACHEL KAY HAYNES, an individual.<br><br>**Defendants.** | Civil Action No. _____ |

### VERIFIED COMPLAINT FOR EXONERATION OF SURETY AND INJUNCTIVE RELIEF

Plaintiff **American Contractors Indemnity Company**, as Surety for Defendant **Paramount Companies, LLC**, hereby files its Verified Complaint for Exoneration of Surety, stating as follows:

### I.    PARTIES, JURISDICTION AND VENUE

1.    Plaintiff **American Contractors Indemnity Company** (**ACIC**) is a corporation organized and existing pursuant to the laws of the State of California having its principal place of business in Los Angeles, California.

2. Defendant **Paramount Companies, LLC** (**Paramount**) is a limited liability company. Its sole member is Joseph Ryan Haynes, who is a citizen of the State of Alabama.

3. Defendant **Latreuo Real Estate, LLC** (**Latreuo**) is a limited liability company. Its members are Joseph Ryan Haynes and Heather Michelle Vader, both of whom are citizens of the State of Alabama.

4. Defendants **Joseph Ryan Haynes** and **Rachel Kay Haynes** (collectively **Individual Defendants**) are individuals who are over the age of nineteen (19) years, and both are residents and citizens of Madison County, Alabama.

5. Jurisdiction exists by virtue of the complete diversity of citizenship which obtains among and between the Plaintiff and the Defendants, pursuant to 28 U.S.C. § 1332(a)(1), and by virtue of the amount in controversy which exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Judicial District, because the Corporate Defendants, Individual Defendants, and the drywall and painting project that is the subject of this action are all located in the Northern District of Alabama, Northeastern Division.

## II.     FACTS

7. At the request of and on behalf of Paramount, ACIC issued a Performance Bond and a Payment Bond (both identified as Bond No. 1001133775) in the amount of **$1,533,270.00** in favor of Tribridge Residential Construction, LLC (Tribridge) on January 30, 2020 for Phase I of the Moore Farms Project (Project), which included drywall and painting of 284 apartment units referenced as Contract #SC-036.[1] The Project is owned by NIC Huntsville MF, LLC. A copy of the Bond is attached as Exhibit "A."

8. ACIC issued the Bonds in reliance upon the terms and conditions of a General Indemnity Agreement (GIA) executed by both the Corporate Defendants and Individual Defendants, in January 2020. A copy of the GIA is attached as Exhibit "B." Pursuant to the GIA, the Defendants promised, upon demand, to deposit collateral security if demanded by ACIC:

> **X. Deposit with Surety**
>
>     A. If an Event of Default occurs, or if a claim is made against the Surety under any Bond, the Principals and Indemnitors shall, on demand from the Surety, immediately deposit with the Surety collateral in any amount, value or form as the Surety may designate in its

---

[1] Contract #SC-036, executed on October 22, 2019, represents one of the Subcontract Agreements between Tribridge and Paramount in the amount of $770,872.00. Contract #SC-028, also executed on October 22, 2019, is another Subcontract Agreement between Tribridge and Paramount in the amount of $762,398.00. On January 21, 2020, Contract #SC-036 was combined with Contract #SC-028 as **Contract #SC-037 totaling $1,533,720.00** (the amount of the Bond). Although Contract #SC-036 is the only Subcontract Agreement specifically referenced in the Bond, it is understood that the amount reflected is the combined sum of Contracts #SC-028 and #SC-036. (*See* CCI Surety, Inc. Bond Request Form & Subcontract Agreements attached as Exhibit "A-1").

> sole absolute discretion. Such collateral shall be held by the Surety as collateral security in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with the Surety or any other benefits and protections afforded to the Surety by this Agreement.

(Ex. B, p. 4).

9. Additionally, pursuant to Section III of the GIA, the Defendants, jointly and severally, promised to indemnify, exonerate and hold the Surety harmless against "any and all demands, liabilities, losses, costs, damages, expenses and fees, … interest, court costs, and any and all other types of losses, costs or expenses" related to the bonded Project. (*Id.* at p. 2). Moreover, the Defendants agreed that the Surety would be entitled to "immediate injunctive relief for specific performance of any and all obligations" under the GIA. (*Id.* at 5).

10. Disputes arose between Paramount and Tribridge about the Project. Tribridge terminated the Paramount subcontract and demanded ACIC, as Surety, fulfill its obligations under the Performance Bond.

11. On March 25, 2021, after submission of Tribridge's claim, ACIC issued a collateral demand in the amount of **$1,000,000.00** to the Defendants. A copy of the collateral demand is attached as Exhibit "C." The Defendants have failed to respond or comply with ACIC's demand. Based on its continuing investigation, ACIC anticipates that the Tribridge claim likely will exceed $1,000,000.00, that the current demand may be insufficient to protect the Surety

from loss, and that additional demands may be necessary. Accordingly, the Defendants are in breach of their obligations as agreed in the GIA.

12. Additionally, ACIC justifiably fears and anticipates additional losses on the Project that could result in possible losses on the Payment Bond.

13. Based on the foregoing facts and circumstances, ACIC justifiably fears that the assets of the Defendants may be inadequate to allow for the completion of the Project and inadequate to provide for the exoneration and indemnification of the Surety. Accordingly, ACIC respectfully requests that this Court, in the exercise of its equity powers, compel the performance of all obligations of the Defendants to ACIC as set forth in the GIA.

### III.     CLAIMS FOR RELIEF
### COUNT ONE
### SPECIFIC PERFORMANCE

14. ACIC adopts and incorporates all averments of Paragraphs 1 through 13 of the Verified Complaint as if set forth in full herein.

15. In light of the declarations of default, termination, and allegations of non-performance by Paramount, ACIC has demanded a deposit of collateral in the amount of $1,000,000 from the Defendants. (*See* Ex. "C".)

16. In the GIA, all Defendants, separately and severally, promised to deposit collateral upon demand by ACIC, waived all defenses relating to such

demand, and agreed that their failure to comply with ACIC's demand will result in irreparable injury and damage to the Surety.

17.   All Defendants have failed and refused to deposit collateral as requested and are therefore in breach of their obligations under the GIA.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ACIC requests that this Court, in the exercise of its equitable powers, order the Defendants, separately and severally, to specifically perform their obligations to ACIC by immediately arranging for a deposit of cash or other assets in an amount and form acceptable to ACIC, having a value of not less One Million Dollars ($1,000,000.00), to be held by ACIC pending final disposition of all claims relating to Defendants' performance under the bond and as provided in the GIA.  ACIC offers to do equity, and requests such additional relief as may be necessary to provide for the specific performance of the obligations of the Defendants.

## COUNT TWO
## APPLICATION FOR TEMPORARY RESTRAINING ORDER OR, ALTERNATIVELY, FOR PRELIMINARY INJUNCTION

18.   ACIC adopts and incorporates all the facts and averments of Paragraphs 1 through 17 of the Verified Complaint as if set forth in full herein.

19.   Pursuant to Rule 65 of the *Federal Rules of Civil Procedure*, ACIC requests and prays the Court for entry of a Temporary Restraining Order to restrain the Corporate and Individual Defendants, separately and severally, and all others in

active concert and participation with them, from making or attempting to make any transfers or conveyances of assets, and from selling, conveying, mortgaging, encumbering, or in any other substantive manner dealing with any of their assets or property – other than in the ordinary course of business and for payment of labor, material, and reasonable overhead expense for Corporate Defendants to continue its normal operations, pending a hearing and determination of the issues set forth in this Verified Complaint.

20. In support of this application, ACIC shows unto the Court that unless enjoined and restrained, the Corporate and Individual Defendants may engage in conduct that will result in immediate and irreparable injury, loss and damages to ACIC before the parties or its attorneys can be heard in opposition.

21. ACIC intends to file a brief and proposed order in support of the requested Temporary Restraining Order.

WHEREFORE, PREMISES CONSIDERED, ACIC requests entry of a Temporary Restraining Order or, alternatively, a Preliminary Injunction as requested herein.

## COUNT THREE
## EXONERATION OF SURETY/*QUIA TIMET*

22. ACIC adopts and incorporates all averments of Paragraphs 1 through 21 of the Verified Complaint as if set forth in full herein.

23. To provide and apply the remedies of exoneration and *quia timet*, and to permit enforcement of the terms of the GIA, ACIC requests the Court to impose immediate equitable relief as requested herein pending a hearing and disposition of ACIC's request for a specific performance:

   a) Enjoining and restraining the Defendants, separately and severally, their agents, servants, employees, attorneys, assigns, and all persons in active concert and participation with them, pending a final hearing and determination of this cause, from selling, mortgaging, leasing, transferring, or in any other manner disposing of or dealing with any of their properties, whether real, personal, cash, lands, securities or chattels, against which ACIC would be entitled to a levy of execution for payment of any judgment or which could be used to respond to an Order requiring the Defendants to specifically perform their obligations to the surety, and further from removing, destroying, or transferring any of their books of accounts, contracts, agreements, vouchers, journals, files, correspondence, ledgers, balance sheets, annual reports, tax records, financial reports, accounts

receivable, inventories, motor vehicle records, and all their business records in any form or nature whatsoever.

b) Declaring and imposing a judicial lien in favor of ACIC with respect to any and all assets and property of Defendants, separately and severally, including any realty, personality or other property owned or controlled by any Defendant or property in which Defendants have any interest, said judicial lien to remain in full force and effect pending full performance of the obligations of the Defendants to ACIC as requested herein;

c) Under the facts and circumstances of this case, requiring Defendants, separately and severally, to make an accounting within ten (10) days to this Court in the form of a sworn affidavit as to the nature, extent and location of any and all assets, and as to the disposition of any and all assets possessed by the Defendants, or coming within their custody or control during the last three hundred sixty-five (365) days preceding the date of the Order of this Court;

d) Marshaling and sequestering the assets of Defendants for the purpose of exonerating the surety;

    e) Ordering the Defendants to deposit with ACIC collateral, assets, or other securities sufficient to secure ACIC from its anticipated losses; and

    f) Such other relief as may be equitable under the premises.

WHEREFORE, PREMISES CONSIDERED, ACIC requests entry of equitable relief as specified above.

## COUNT FOUR
## BREACH OF AGREEMENT TO INDEMNIFY

24. ACIC adopts and incorporates all averments of Paragraphs 1 through 23 of the Verified Complaint as if set forth in full herein.

25. The Defendants have breached the terms of the GIA by failing to deposit collateral security with ACIC as contemplated in Section X of the GIA and have committed other material breaches of the GIA. By virtue of Defendants' breach, ACIC is entitled to equitable and legal relief as requested herein.

26. Additionally, ACIC is entitled to judgment in the amount of its total loss, cost, and expense incurred by virtue of the issuance of the bonds, which is now unknown. ACIC therefore requests entry of judgment in the amount of its collateral demand plus all additional loss incurred on the bonds.

WHEREFORE, PREMISES CONSIDERED, ACIC demands judgment against the Defendants, separately and severally, in the amount of One Million Dollars ($1,000,000.00), plus interest, all costs of this action, and all attorneys'

fees incurred by ACIC as a result of the issuance of the Bond, together with such further and different relief which ACIC, as Surety, is entitled.

## COUNT FIVE
## DEMAND FOR JUDGMENT

27. ACIC adopts and re-alleges all averments of Paragraphs 1 through 26 of the Verified Complaint as if set forth in full herein.

28. As a result of having issued the Performance and Payment Bonds on behalf of Paramount, ACIC estimates that it will incur a loss, exclusive of legal and administrative expenses, in excess of $1,000,000.00.

29. By virtue of the terms of the GIA and applicable law, the Defendants, separately and severally, are liable to ACIC in an amount equal to all losses, costs and expenses, plus interest and attorneys' fees, incurred by ACIC as a result of having issued the Bonds on behalf of Paramount.

WHEREFORE, PREMISES CONSIDERED, ACIC demands judgment against the Defendants, separately and severally, in the amount of One Million Dollars ($1,000,000.00), plus interest, all costs of this action, and all attorneys' fees incurred by ACIC as a result of the issuance of the Bond, together with such further and different relief which ACIC, as Surety, is entitled.

Respectfully Submitted,

*/s/ G. Matthew Keenan*
G. Matthew Keenan (ASB-4664-G63K)
Averie L. Armstead (ASB-3698-D00R)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
T (205) 868-6000 | F (205) 868-6099
Email gmk@starneslaw.com
ala@starneslaw.com
*Counsel for American Contractors Indemnity Company*

**DEFENDANTS TO BE SERVED VIA PRIVATE PROCESS SERVER**:

**Paramount Companies, LLC**
c/o Joseph Ryan Haynes, Managing Member
1300 Meridian Street
Huntsville, Alabama 35801

**Latreuo Real Estate, LLC**
c/o Heather M. Vader, Registered Agent
232 Saddle Rock Court
Harvest, Alabama 35749

**Joseph Ryan Haynes**
1300 Meridian Street
Huntsville, Alabama 35801

**Rachel Kay Haynes**
1300 Meridian Street
Huntsville, Alabama 35801

## VERIFICATION

_____
Frank M. Lanak, Executive Vice President, Bond Claims, for American Contractors Indemnity Company

STATE OF _____    }
                                  }
COUNTY OF _____    }

Before me, the undersigned Notary Public, in and for said County and in said State, personally appeared **FRANK M. LANAK** who being first duly sworn, deposes and says that he is employed as **Executive Vice President, Bond Claims for American Contractors Indemnity Company**, and that he has personally reviewed the Verified Complaint for Exoneration of Surety and that the allegations stated therein are true.

see attached

_____
NOTARY PUBLIC

Given under my hand and seal this the ___ day of _____, 2021.
My Commission Expires: _____.

(SEE FOLLOWING PAGE FOR NOTARY)

{B4004146}                           13

## ACKNOWLEDGMENT

A notary or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of California
County of _____Los Angeles_____)

On __May 14, 2021__ before me, __D. Littlefield, Notary Public,__
(insert name and title of the officer)

personally appeared ---------------- Frank M. Lanak ---------------- ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _D. Littlefield_   (Seal)

D. LITTLEFIELD
Notary Public - California
Los Angeles County
Commission # 2320307
My Comm. Expires Jan 31, 2024